H. W. Haldeman v. A. S. Johnson, *Receiver of the Farmers' Alliance Cooperative Association*.

No. 305.

1. Practice, Courts of Appeals—*Filing of Case in Wrong Court —One-year Limitation.* When a case is filed in the supreme court or the courts of appeals and a summons issued thereon, or a waiver thereof filed within one year after the rendition of the final order complained of, the action is commenced in time, although it is not sent to the proper court until after the year had expired.

2. Pleading—*No Allegation of Correctness of Account.* Where there is no allegation in a pleading of the correctness of a verified account attached thereto, there can be no denial thereof, and the account is at issue under the general denial.

3. PRACTICE, DISTRICT COURT—*Authority to Order Remittitur—Passion and Prejudice.*  The trial court has authority to order a reduction of the verdict of the jury when he thinks it is excessive, and to grant a new trial if the successful party refuses to accept such a reduction, unless it appears that the verdict was rendered under the influence of passion and prejudice.

Error from Crawford district court; J. S. WEST, judge.   Opinion filed September 22, 1898.   Affirmed.

*D. B. Van Syckel,* for plaintiff in error.

*Fuller & Randolph,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: Our jurisdiction to review this case is challenged on the ground that the petition in error was not filed in this court within one year from the rendition of the final order complained of.   The motion for a new trial was overruled April 12, 1894. The petition in error was filed in the supreme court on April 1, 1895, and sent from there to this court and filed July 31, 1895.

The law creating the courts of appeals provides :

" In the event of any case being sent from a lower court on appeal or writ of error to the wrong court of appeals, or to the supreme court, it shall be the duty of the court to which the case has thus been sent, immediately upon such fact coming to its attention, to direct its clerk to forward the transcript or record therein, with the order of transfer, to the clerk of the proper court of appeals.   .   .   .   On the receipt of such record by the proper clerk, he shall at once file the same in his office, and the case shall be proceeded with in the court to which it is transferred as if the same had gone there directly from the trial court." (Laws of 1895, ch. 96, § 10 ; Gen. Stat. 1897, ch. 84, § 24.)

Construing this statute, we hold that where, within

the year, a case is filed in the supreme court or in the courts of appeals and a summons issued thereon, or a waiver thereof filed—as was done in this case—the action is commenced in time, although it is not sent to the proper court until after the year had expired.   We will, therefore, examine the case on its merits.

This action was brought in the district court of Crawford county by the defendant in error to recover from the plaintiff in error a balance claimed to be due from him to the Farmers' Alliance Cooperative Association.   It appears that the said association was indebted to Haldeman and others, and gave to Haldeman and the Ridenour-Baker Grocery Company a chattel mortgage to secure the indebtedness due them.   Possession of the goods, merchandise, notes and accounts of the association was given to Haldeman until such time as by sales and collections he could obtain funds sufficient to pay the two mortgages.   While Haldeman was in possession, the defendant in error, Johnson, was by the court appointed receiver, and Haldeman was ordered to turn the possession of the property over to Johnson, and to make a verified account of his transactions while in possession of the goods and file the same with the clerk of the district court of said county. This was finally done, and Johnson receipted to Haldeman for the property he received from him, and in full settlement of all accounts between the association and Haldeman.

Afterward Johnson brought suit against Haldeman, alleging that certain items were improperly charged, and that his accounting was incorrect.   Haldeman attaches to his answer, which was filed March 5, 1894, a copy of the statement filed with the clerk under the order of the court, which has his name and that of Nettie R. Cole signed thereto, and following each

name are the following words : " Subscribed and sworn to before me, this 27th day of November, 1893." This is signed and sealed by a notary public.

Many of the assignments of error are founded on the theory that the allegations of the answer as to the correctness of this account are duly verified by the affidavit of the defendant below. We are unable to find in the answer a statement that this account is correct. The account itself is prefaced with the following statement :

" GIRARD, KAN., November 27, 1893.
" *To the Honorable the District Court in and for Crawford County, Kansas:*
" Statement of H. W. Haldeman and Ridenour-Baker Grocery Company, mortgagees, in compliance with an order issued by said court November 16, 1893, concerning the property of the Farmers' Alliance Co-operative Association, of Girard, Kansas."

The language of the statute is that an allegation of the correctness of any account duly verified, etc., shall be taken as true unless the denial of the same be verified, etc. There being no allegation of the correctness of the account, there can be no denial thereof, and the account is in issue under the general denial.

Other assignments of error are to the effect that the court erred in admitting and excluding evidence. We have carefully examined the record and the briefs and find no reversible error in the rulings of the trial court thereon.

The jury returned a verdict against the plaintiff in error for the sum of $1000. The court overruled the motion for a new trial on condition that the plaintiff below would remit the sum of $330 from the verdict of the jury. This was done and judgment was accordingly rendered for the sum of $670.

It was held by the supreme court in *Broquet v. Tripp,*

36 Kan. 700, 14 Pac. 227, that the trial court had ample authority to order such a reduction; and in *Mo. Pac. Rly. Co. v. Dwyer*, 36 Kan. 58, 12 Pac. 352, it was held that the supreme court had authority to order such a reduction. In either case the acceptance of the successful party was necessary; otherwise a new trial would be granted. The only cases in which the correctness of this practice is questioned are those in which it clearly appears that the jury were influenced by passion and prejudice. An examination of the record fails to disclose passion or prejudice on the part of the jury. There was evidence introduced showing that the account of Haldeman for expenses in running the business was largely in excess of what the expenses had been when Smith was manager. It is more reasonable to suppose that the jury found this fact against Haldeman and included it in their verdict, than to assume that they were influenced by passion and prejudice.

The judgment of the district court is affirmed.